IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **OAKWORTH CAPITAL BANK,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. _____ |
| ) | |
| **6101 SLIGO, LLC, and** ) | |
| **TIMOTHY J. MORRIS,** ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Oakworth Capital Bank, by and through counsel, brings this Complaint against Defendants Sligo LLC Development Partners, LLC and Timothy J. Morris (collectively, "Defendants"), and for its cause of action states as follows:

## PARTIES

1. Plaintiff Oakworth Capital Bank ("Plaintiff") is an Alabama state chartered bank with its principal place of business located at 5511 Virginia Way, Suite 110, Brentwood, Tennessee 37027.

2. Defendant 6101 Sligo, LLC ("Sligo LLC") is a Delaware limited liability company whose principal address is 6001 Highway A1A PMB 8359, Vero Beach, Florida 32963.

3. Defendant Timothy J. Morris ("Morris") is a citizen and resident of Vero Beach, Indian River County, Florida.

## VENUE AND JURISDICTION

4. This Court has original jurisdiction of this case under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

5. Venue is appropriate in this Court because the Defendants, in executing the Note and Guaranty (as defined below), which is the subject matter of this action, expressly agreed that this Court is the appropriate venue for this action.

6. Venue is also appropriate in this Court pursuant to 28 U.S.C. § 1331 because a substantial part of the events giving rise to this action occurred in this district. The Note and Guaranty (as defined below) that Defendants executed and which is the subject matter of this action were delivered to Plaintiff at its offices in Brentwood, Williamson County, Tennessee; Defendants' default occurred in Brentwood, Williamson County, Tennessee; and Plaintiff suffered damages in Brentwood, Williamson County, Tennessee.

## FACTS

7. On January 31, 2022, Sligo LLC and Plaintiff entered into a term loan ("Loan"), as evidenced by that certain Promissory Note, payable to the order of Plaintiff, in the original principal amount of Four Million Nine Hundred Thousand and 00/100 Dollars ($4,900,000.00). The Loan was modified, amended, and restated by that certain Amended and Restated Promissory Note, dated May 26, 2022, executed by Sligo LLC and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00); further modified, amended and restated by that certain Second Amended and Restated Promissory Note, dated March 16, 2023, executed by Sligo LLC and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred

Thousand and 00/100 Dollars ($5,300,000.00); and further modified, amended and restated by that certain Third Amended and Restated Promissory Note, dated May 1, 2023, executed by Sligo LLC and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00) (collectively, the "Note").  A true and correct copy of the Note is attached hereto as **Exhibit A**.

8. The Note was executed by Morris, as Managing Member, on behalf of Sligo LLC.

9. In conjunction with and as a condition of Plaintiff providing the Loan to Sligo LLC, on August 9, 2022, Morris executed a Continuing Guaranty of all present and future indebtedness and obligations of Sligo LLC arising out of the Loan from Plaintiff, and executed separate Reaffirmations of Continuing Guaranty, dated May 26, 2022, March 16, 2023 and May 1, 2023 (collectively, the "Guaranty").  A true and correct copy of the Guaranty is attached hereto as **Exhibit B**.

10. Pursuant to the terms of the Guaranty, Morris, among other obligations, unconditionally, absolutely, and irrevocably guaranteed to Plaintiff the full and prompt payment and performance when due of all amounts owed by Sligo LLC to Plaintiff under the Loan and Note.

11. The Note matured and was due and payable on August 9, 2023 ("Maturity Date").

12. Defendants failed to make the required payments under the Note and Guaranty on or before the Maturity Date.

13. By letter dated September 11, 2023, Plaintiff notified Defendants of their default under the Note and Guaranty and demanded payment in full of all amounts owed ("First Demand Letter"). A true and correct copy of the First Demand Letter is attached hereto as **Exhibit C**.

14. After receiving the First Demand Letter, Defendants failed to pay all amounts owed to Plaintiff under the Note and Guaranty.

15. By letter dated October 10, 2023, Plaintiff again notified Defendants of their default under the Note and Guaranty and demanded payment in full of all amounts owed ("Second Demand Letter"). A true and correct copy of the Second Demand Letter is attached hereto as **Exhibit D**.

16. After receiving the Second Demand Letter, Defendants failed to pay all amounts owed to Plaintiff under the Note and Guaranty.

17. Defendants Sligo LLC, as maker of the Note, and Morris, as guarantor of the Note, are in default on the Note as a result of their failure to make the necessary payment of all remaining principal, interest, and other amounts owing under the Note on the Maturity Date.

18. The Defendants Sligo LLC, as maker of the Note, and Morris as guarantor of the Note, have defaulted on the Note leaving a principal, interest and late charges balance owing and unpaid as of October 10, 2023, in the amount of $5,479,468.29 ("Indebtedness"). For each day after October 10, 2023, said Note accrues interest at the maximum rate of interest, which is the index, defined as the Prime Rate of interest published by The Wall Street Journal, plus three-quarters percent (0.75%) per annum plus eight percent (8.0%) per annum.

## CAUSES OF ACTION

### Count 1 — Breach of Note (Sligo LLC)

19. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

20. The Note is enforceable in accordance with its terms.

21. Plaintiff has fully performed all its obligations under the Note.

22. Sligo LLC has breached and is in default under the Note for failure to pay all amounts due under the Note.

23. As a result of Sligo LLC's breach and default, Plaintiff has suffered damages in the amount of the Indebtedness and is entitled to a judgment against Sligo LLC for the full amount of the Indebtedness.

## Count 2 — Breach of Guaranty (Morris)

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25. The Guaranty is enforceable in accordance with its terms.

26. Plaintiff has fully performed all its obligations under the Guaranty.

27. Sligo LLC and Morris have failed to make payments when due as required by the Note.

28. Morris has breached and defaulted under the Guaranty.

29. As a result of Morris' breach of the Guaranty, Plaintiff has suffered damages in the amount of the Indebtedness and is entitled to a judgment against Morris for the full amount of the Indebtedness.

## Count 3 — Unjust Enrichment (Defendants)

30. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

31. Plaintiff conferred a benefit upon Defendants by providing a loan to Sligo LLC as described herein.

32. Defendants have appreciated the benefit of the loan and have failed to fully compensate Plaintiff.

33. It would be unfair and inequitable for Defendants to retain the benefit of the loan without payment of the value thereof to Plaintiff.

34. Plaintiff has suffered damages in the amount of the Indebtedness and is entitled to a judgment against Defendants for the full amount of the Indebtedness.

# PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays:

1. That proper process be issued and served upon Defendants requiring Defendants to answer this Complaint within the time and in the manner required by law;

2. That this Court enter judgment in favor of Plaintiff against Defendants in the full amount of the Indebtedness as defined herein, including, without limitation, pre-judgment interest at the highest rate allowed by law, attorney fees and expenses, post-judgment interest, all court costs, and other costs and charges that may continue to accrue;

3. That this Court grant Plaintiff such other and further legal or equitable relief to which it deems Plaintiff is entitled.

Respectfully Submitted,

BURR & FORMAN LLP

 /s/ C. Tucker Herndon
D. Christopher Carson (BPR No. 021971)
C. Tucker Herndon (BPR No. 27297)
Ross M. Johnson (BPR No. 36067)

420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: (205) 458-5100
ccarson@burr.com

222 Second Avenue South, Suite 2000
Nashville, Tennessee  37201
Telephone:  615-724-3200
Facsimile:   615-724-3290
rmjohnson@burr.com
therndon@burr.com

*Attorneys for Oakworth Capital Bank*