# 6101 SLIGO, LLC

**VIA CERTIFIED MAIL:**

December 21, 2023

RECEIVED

DEC 27 2023

U.S. District Court
Middle District of TN

United States District Court
Middle District of Tennessee
Office of the Clerk
719 Church Street
Nashville, TN 37203

Mr. Ross M. Johnson & Tucker Herndon
Attorneys at Law
Burr & Forman, LLP
222 Second Ave. S., Suite 2000
Nashville, TN 37201

REGARDING Civil Action No. 3.23-cv-01144
**PLAINTIFF**: Oakworth Capital Bank & **DEFENDANT**: Timothy J. Morris

Attention Office of the Clerk:

I as the named Defendant, Timothy J. Morris in that above matter am writing on my own behalf and without representation of counsel as I have been dealing with some personal health issues and was unable to respond to the complaint in the required time frame. 6101 Sligo, LLC and Timothy J. Morris, as Guarantor respectfully submit the following responses to the Civil Action No. 3.23-cv-01144 and request the Court's indulgence in providing an extension of the required response submission timing:

**As to Count 1** – Breach of Note (Sligo LLC).
Response: Agree as Stated

**As to Count 2** - Breach of Guaranty (Morris)
Response: Disagree, as it is my position that the collateral related to the loan in question is more than sufficient to cover the outstanding loan balance and any back due interest and penalties. Plaintiff engaged an appraisal on the collateral date June 9, 2023 by a Third-Party Licensed Appraiser who presented an "As Is" Valuation of the collateral of $10,000,000. A copy of the appraisal is included as an Exhibit to this response. With $10,000,000 of loan collateral Plaintiff could be made financially whole if Defendant provides a Deed in Lieu of Foreclosure for the collateral, as a potential solution to this matter. (See Attached Appraisal Executive Summary Pages).

**As to Count 3** – Unjust Enrichment (Defendants)
Response: Disagree, see response to Count #2 above.

I am currently in receipt of PLAINTIFF OAKWORTH CAPITAL BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGEMENT ON THE PLEADINGS AGAINST 6101 SLIGO, LLC AND TIMOTHY J. MORRIS and would respectfully submit my response to Plaintiff's Memorandum, (attached herein).

6001 HWY A1A, PMB 8359 Vero Beach, FL 32963

# 6101 SLIGO, LLC

As to Count 2 – Breach of Guaranty (Morris):
Plaintiff's Counsel has provided past case law regarding my request that they accept the Deed in Lieu of Foreclosure as their sole remedy concerning this matter again given the fact that the subject Property has an "as is" value of $10,000,000 based on a June 2023 appraisal ordered by Plaintiff, (summary pages attached) and the settlement amount requested by Plaintiff in their filings is $5,300,000. It seems only fair to a layman like me that Plaintiff can take the Deed in Lieu of Foreclosure, sell the property, a course of action I would fully support, and Plaintiff would be made more than 100% whole financially based on the purported value of the Property, based on Plaintiff's "As Is" Appraised value.

Regarding Count 3 – Unjust Enrichment (Defendants): My Partners in this transaction a Pension Fund and I personally have invested just under $9,000,000 of equity into this endeavor, so there has definitely not been any unjust enrichment garnered. We have been dealing with countless macro headwinds to include Covid and the subsequent Covid Hangover, Endless Supply Chain Challenges, Historic Inflation, followed by **11 increases** in the Benchmark Interest Rate since March of 2022 and lastly the fact that the Equity Markets have all but dried-up in the US and aboard as Investors sit on the sidelines waiting for a wave of "Opportunistic Buys" similar to the S&L Crisis in the 1980's, has collectively been a lot to overcome. To be very clear, I am not making excuses, but that has been the reality we have faced over the past few years.

My Pension Fund Partners have engaged a third-party consultant to do an independent evaluation of their investment to date and to see if it warrants the Fund investing additional equity in the Project and we anticipate receiving the report right after the New Year. If the report supports an additional equity investment by the Fund, then we would be able to bring the Loan current with the Plaintiff and provide a year's interest reserve which would facilitate allowing us the opportunity to recapitalize the financing and ultimately payoff the Plaintiff with new financing for the Project. I make no representation as to what the report is going to say, but I do believe it warrants the postponement of any adjudication from the Court regarding this matter until we have an opportunity to review it findings and decide as to next steps for the good of all parties.

Respectfully Submitted,

*[signature]*

Timothy J. Morris
On Behalf of Defendants
Encl.

6001 HWY A1A, PMB 8359 Vero Beach, FL 32963



RECEIVED
DEC 2 7 2023
U.S. District Court
Middle District of TN

APPRAISAL OF REAL PROPERTY

Sligo Mill Apartments
6101 Sligo Mill Rd NE
Washington, D.C. 20011

IN AN APPRAISAL REPORT

As of June 9, 2023

Prepared For:

Oakworth Capital Bank
850 Shades Creek Parkway
Birmingham, AL 35209

Client ID: C23-00321

Baltimore/Washington Economic &
Development Fund I, LP
c/o BWEDF Advisors, LLC
PO Box 7127, Novi, MI 4837

Prepared By:

Cushman & Wakefield of Washington, D.C., Inc.
Valuation & Advisory
2101 L Street NW, Suite 700
Washington, D.C. 20037
Cushman & Wakefield File ID: 23-26001-900567-001



*Sligo Mill Apartments*

6101 Sligo Mill Rd NE

Washington, D.C. 20011



2101 L Street NW, Suite 700
Washington, D.C. 20037
Tel   +1 (202) 463-2100
cushmanwakefield.com

June 14, 2023

ARC Job Manager
**Oakworth Capital Bank**
850 Shades Creek Parkway
Birmingham, AL 35209

Baltimore/Washington Economic & Development Fund I, LP
c/o BWEDF Advisors, LLC
PO Box 7127, Novi, MI 48376

Re:   Appraisal Report

**Sligo Mill Apartments**
6101 Sligo Mill Rd NE
Washington, D.C. 20011

Cushman & Wakefield File ID:   23-26001-900567-001
Client ID:                     C23-00321

Dear Sir or Madam:

In fulfillment of our agreement as outlined in the Letter of Engagement, we are pleased to transmit our appraisal of the above referenced property in the following Appraisal Report.

The subject, Sligo Mill Apartments, is an under-construction 50-unit low/mid-rise multifamily property situated on 1.1 acres. The property currently consists of 1 building that is 4 stories in height and in shell condition. The property totals 51,643 square feet of gross building area and will total 39,981 square feet of net rentable area upon completion. There will be surface parking provided for residents. Renovation/reconfiguration has already begun, with completion estimated to be January 2025.

Based on the agreed-to Scope of Work, and as outlined in the report, we developed the following opinions:

| Appraisal Premise | Real Property Interest | Date of Value | Value Conclusion |
|---|---|---|---|
| Market Value As-is | Fee Simple | June 9, 2023 | $10,000,000 |
| Prospective Market Value Upon Completion | Fee Simple | January 1, 2025 | $22,400,000 |
| Prospective Market Value Upon Stabilization | Leased Fee | June 1, 2025 | $22,800,000 |
| Insurable Value | N/A | June 9, 2023 | $10,400,000 |

*Compiled by Cushman & Wakefield of Washington, D.C., Inc.*

In recent times, the CRE market has been driven by investor demand and strong liquidity. Asset values can fall significantly in short periods of time if either of these two factors, often in conjunction with many others, change significantly. While Cushman & Wakefield is closely monitoring the latest developments resulting from the COVID-

ARC Job Manager  
Oakworth Capital Bank  
June 14, 2023  
Page 4

Cushman & Wakefield of  
Washington, D.C., Inc.

19 pandemic, and will continue to provide updates as events unfold, the reader is cautioned to consider that values and incomes are likely to change more rapidly and significantly than during standard market conditions. Furthermore, the reader should be cautioned and reminded that any conclusions presented in this appraisal report apply only as of the effective date(s) indicated. The appraiser makes no representation as to the effect on the subject property(ies) of this event, or any event, subsequent to the effective date of the appraisal.

## Extraordinary Assumptions

For a definition of Extraordinary Assumptions please see the Glossary of Terms & Definitions. The use of extraordinary assumptions, if any, might have affected the assignment results.

It is assumed that the proposed improvements are constructed in a quality manner in accordance with the information communicated to us by the developer. If the design or quality differs from that which has been considered herein, the value conclusions could be impacted accordingly. Any undue delay in the construction timeline could materially impact the value conclusion reported herein.

The prospective fair value estimate is based upon market participant attitudes and perceptions existing as of the effective date of our appraisal, and assumes the subject property achieves stabilization as of our prospective dates. We assume no material change in overall market conditions between the date of inspection and effective dates of value.

## Hypothetical Conditions

For a definition of Hypothetical Conditions please see the Glossary of Terms & Definitions. The use of hypothetical conditions, if any, might have affected the assignment results.

This appraisal does not employ any hypothetical conditions.

This letter is invalid as an opinion of value if detached from the report, which contains the text, exhibits, and Addenda.

Respectfully submitted,

**CUSHMAN & WAKEFIELD OF WASHINGTON, D.C., INC.**

Chase Pike, MAI, CCIM  
Executive Director  
District of Columbia Certified General Appraiser  
License No. GA1229  
chase.pike@cushwake.com  
202-407-819   Office Direct

RECEIVED
DEC 27 2023
U.S. District Court
Middle District of TN

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| **OAKWORTH CAPITAL BANK,** | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) ) No. 3:23-cv-01144 |
| **6101 SLIGO, LLC and TIMOTHY J. MORRIS,** | ) ) ) ) |
| Defendants. | ) ) |

## PLAINTIFF OAKWORTH CAPITAL BANK'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AGAINST 6101 SLIGO, LLC AND TIMOTHY J. MORRIS

Pursuant to Local Rule 7.01, Plaintiff Oakworth Capital Bank ("Plaintiff") submits the following Memorandum of Law in Support of its Motion for Judgment on the Pleadings against Defendants Sligo 6101, LLC ("Sligo") and Timothy J. Morris ("Mr. Morris") (collectively, with Sligo, "Defendants"):

### UNDISPUTED FACTS

This is a collection action to recover undisputed amounts owed by the Defendants.

Plaintiff is an Alabama state chartered bank. (*See* Plaintiff's Complaint ("Compl."), Doc. 1, ¶ 1.) On January 31, 2022, Sligo and Plaintiff entered into a term loan ("Loan"), as evidenced by a Promissory Note, payable to the order of Plaintiff, in the original principal amount of Four Million Nine Hundred Thousand and 00/100 Dollars ($4,900,000.00). The Loan was modified, amended, and restated by an Amended and Restated Promissory Note, dated May 26, 2022, executed by Sligo and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00); further modified, amended and restated by a Second Amended and Restated Promissory Note, dated March 16, 2023, executed

52559654 v1
Case 3:23-cv-01144   Document 22   Filed 12/12/23   Page 1 of 8 PageID #: 174
Case 3:23-cv-01144   Document 24   Filed 12/27/23   Page 7 of 15 PageID #: 193

by Sligo and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00); and further modified, amended and restated by a Third Amended and Restated Promissory Note, dated May 1, 2023, executed by Sligo and payable to the order of Plaintiff, in the original principal amount of Five Million Three Hundred Thousand and 00/100 Dollars ($5,300,000.00) (collectively, the "Note"). (*Id.* ¶ 7; *see also* Promissory Note, Doc. 1-1, attached as Exhibit A to Compl.) The Note was executed by Mr. Morris, as managing member of Sligo. (Compl., Doc. 1, ¶ 8.)

In conjunction with the Note, and as a condition of Plaintiff providing the line of credit to Sligo, Mr. Morris separately executed a Continuing Guaranty ("Guaranty"). Under the Guaranty, Mr. Morris personally guaranteed the full and prompt payment of all amounts due to Plaintiff under the Note. (*Id.*, Doc. 1, ¶¶ 9 – 10; *see also* Guaranty, Doc. 1-2, attached as Exhibit B to Compl.)

The Note matured on January 31, 2023. (Promissory Note, Doc. 1-1, Sec. 4(a)). As a result, on that day, Sligo and Mr. Morris were required to pay Plaintiff all amounts due and outstanding under the Note. (*See* Guaranty, Doc. 1-2.) Defendants failed to pay the amounts due despite repeated demands by Plaintiff to do so. (Compl., Doc. 1, ¶¶ 12 – 16; *see also* First Demand Letter, Doc. 1-3, attached as Exhibit C to Compl., and Second Demand Letter, Doc. 1-4, attached as Exhibit D to Compl.)

On October 28, 2023, Plaintiff filed suit against Defendants. (*See generally* Compl.) In its Complaint, Plaintiff asserts three causes action against Defendants: (1) Breach of the Note (Sligo); (2) Breach of the Guaranty (Mr. Morris); and (3) Unjust Enrichment (both Defendants). (Compl. Doc. 1, at ¶¶ 19 – 34.) And Plaintiff alleges damages totaling $5,479,468.29, plus pre- and post-judgment interest, attorneys' fees and expenses, and costs. (*Id.* ¶ 18.)

52559654 v1

2

Case 3:23-cv-01144   Document 22   Filed 12/12/23   Page 2 of 8 PageID #: 175
Case 3:23-cv-01144   Document 24   Filed 12/27/23   Page 8 of 15 PageID #: 194

On December 5, 2023, Mr. Morris filed a "Letter as To Responses to Civil Action" ("Letter"). (Letter, Doc. 20.) In the Letter, "6101 Sligo, LLC and Timothy J. Morris, as Guarantor, respectfully submit the following responses to the Civil Action No. 3.23-cv-01144 . . .

> **As to Count 1** – Breach of Note (Sligo LLC)
> Response: Agree as Stated
>
> **As to Count 2** – Breach of Guaranty (Morris)
> Response: Disagree, as it is my position that the collateral related to the loan in question is more than sufficient to cover the outstanding loan balance and any back due interest and penalties. Plaintiff engaged an appraisal on the collateral date June 9, 2023 by a Third-Party Licensed Appraiser who presented an "As Is" Valuation of the collateral of $10,000,000. A copy of the appraisal is included as an Exhibit to this response. With 10,000,000 of loan collateral Plaintiff could be made financially whole if Defendant provides a Deed in Lieu of Foreclosure for the collateral, as a potential solution to this matter. (See Attached Appraisal Executive Summary Pages).
>
> . . .

(*Id.*) (emphasis in original). The Letter is signed by Mr. Morris "on behalf of Defendants." (*Id.*)

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." The pleadings are "closed," under Fed. R. Civ. P. 7(a), upon the filing of a complaint and an answer unless a counterclaim, cross-claim or third-party claim is imposed.

"A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *Coyer v. HSBC Mortgage Servs., Inc.*, 701 F.3d 1104, 1108 (6th Cir. 2012) (*quoting Tucker v. Middleburg–Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008)). When a plaintiff moves for judgment on the pleadings, "the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Rose v. Cent. USA Wireless, LLC*, No. 17-CV-2673-SHM-TMP,

52559654 v1

3

Case 3:23-cv-01144    Document 22    Filed 12/12/23    Page 3 of 8 PageID #: 176
Case 3:23-cv-01144    Document 24    Filed 12/27/23    Page 9 of 15 PageID #: 195

2018 WL 2656767, at *3 (W.D. Tenn. June 4, 2018) (citations omitted). In deciding a motion for judgment on the pleadings, "the court considers all available pleadings, including the complaint and the answer." *Id. See also* Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2017) ("A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court.").

## ARGUMENT

Here, the facts of the case – as evidenced by the parties' pleadings[1] – are straightforward and undisputed. Plaintiff extended Sligo a loan. (Compl., Doc. 1, ¶ 7). Mr. Morris signed a personal guaranty for the loan. (*Id.* ¶ 9.) Sligo and Mr. Morris were required to pay back the loan on or before the maturity date. (*Id.* ¶ 11.) Defendants failed to make the required payments and are in default. (*Id.* ¶ 12.)

Defendants' Letter makes clear they do not dispute these material allegations, and that Plaintiff is entitled to judgment as a matter of law on these two breach of contract claims. (*See* Letter, Doc. 16.) *See C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (establishing elements for breach of contract claim). With respect to Count I, Breach of the Note, Defendants' response is unequivocal: "Agree as Stated." (Letter, Doc. 20.)

---

[1] On December 1, 2023, Plaintiff moved for the entry of default against the Defendants, pursuant to Fed. R. Civ. P. 55(a). On December 5, 2023, Defendants filed the Letter. Plaintiff files this Motion based on the belief and understanding that the Court will consider Defendants' Letter as their Answer to the Complaint. *See, e.g., Poe v. Corr. Corp. of Am.*, No. 07-1016-B, 2008 WL 2952465, at *1 (W.D. Tenn. July 29, 2008) ("On December 21, 2007, the Clerk docketed a letter from Defendant Sullivan, which was deemed to be an answer to the complaint."). *See also Ballow v. Thompson*, No. 3-08-1024, 2011 WL 662836, at *1 (M.D. Tenn. Feb. 14, 2011) (allowing a "letter answer" to serve as pro-se defendant's answer to plaintiff's complaint).

52559654 v1

4

Case 3:23-cv-01144    Document 22    Filed 12/12/23    Page 4 of 8 PageID #: 177
Case 3:23-cv-01144    Document 24    Filed 12/27/23    Page 10 of 15 PageID #: 196

As for Count II, Breach of the Guaranty, Defendants' Letter does not dispute the fact that Mr. Morris failed to pay the amounts due under the Note and, as a result, breached the Guaranty. Rather, Mr. Morris argues in the Letter that he could simply satisfy Plaintiff's claims by conveying property to Plaintiff via a "Deed in Lieu of Foreclosure." (*See* Letter, Doc. 20.) This statement is not a defense to Plaintiff's claim. It is, at best, a settlement offer, which Plaintiff has no obligation to accept. Furthermore, both the Note and Guaranty are clear that the remedies available to Plaintiff in the event of a breach are cumulative and unconditional. (*See* Note, Doc. 1-1, at Sec. 7(c); Guaranty, Doc. 1-2, at Sec. 5.)

When addressing similar claims, courts have routinely granted such Rule 12(c) motions, even in the face of more convoluted and complicated pleadings. *See Starnes Family Office, LLC v. McCullar*, No. 10-2186, 2011 WL 3862333, at *6 (W.D. Tenn. Sept. 1, 2011) ("Because the undenied facts demonstrate that the Notes are an enforceable contract, that [defendant] breached that contract, and that [plaintiff] has suffered damages, [plainitff] is entitled to judgment as a matter of law on its action to enforce the Notes."); *Kimball Int'l v. XStream Sys., Inc.*, No. 3:08CV00135-RLY-WGH, 2009 WL 1916746, at *2 (S.D. Ind. June 30, 2009) ("XStream has admitted that: (1) it executed the Term Loan Agreement; (2) the Note was payable in full . . ., and XStream failed to make this payment; . . . . Accordingly, [plaintiff's] Motion for Judgment on the Pleadings with respect to the principal sum of $2,000,000 is GRANTED."); *W. Energy Partners, LLC v. New Energy Co., LLC,* No. 2:02CV1264, 2007 WL 397066, at *3 (S.D. Ohio Jan. 31, 2007) (citation omitted) ("The Court may grant a motion for judgment on the pleadings as a matter of law based upon a defendant's admission of all material facts relating to enforcement of a note."); *KFC Corp. v. Mott,* No. CIV. A. 3:02CV-146-S, 2003 WL 22709071, at *3 (W.D. Ky. Nov. 17, 2003) ("The defendants do not deny that payments were not made under the terms of the promissory note.

52559654 v1

5

Case 3:23-cv-01144    Document 22    Filed 12/12/23    Page 5 of 8 PageID #: 178
Case 3:23-cv-01144    Document 24    Filed 12/27/23    Page 11 of 15 PageID #: 197

Judgment on the pleadings will be granted in favor of KFCC on Counts III and IV."); *Wood v. Cal Growers Corp.*, No. 86 C 3714, 1987 WL 7470, at *2 (N.D. Ill. Mar. 2, 1987), amended, No. 86 C 3714, 1987 WL 12175 (N.D. Ill. June 5, 1987) ("As discussed above, the court does not believe that, as a matter of law, these defenses are valid as against this contract and note. . . . For the foregoing reasons, plaintiff's motion for judgment on the pleadings is GRANTED.").

Likewise, a defendant cannot avoid a judgment on the pleadings simply because it raises "legal assertions" in the form affirmative defenses. *See RLI Ins. Co. v. City of Visalia*, 297 F. Supp. 3d 1038, 1059 (E.D. Cal. 2018), aff'd, 770 Fed. Appx. 377 (9th Cir. 2019). Rather, under the standard of Rule 12(c), a defendant must "create a material issue of fact that would prevent judgment on the pleadings." *Id.* at 1058 (*citing Westport Ins. Corp. v. N. California Relief*, 76 F. Supp. 3d 869, 882 (N.D. Cal. 2014) ("[E]ven if the affirmative defenses were adequately pleaded, they still fail to create a material issue of fact")). And suggesting or even demanding that a creditor exercise rights with respect to collateral, when a creditor has no obligation to do so, is not a sufficient factual dispute. *See Austad v. United States*, 386 F.2d 147, 151 (9th Cir. 1967) ("What we have previously stated with regard to the [plaintiff's] failure to sue on the debt or foreclose the collateral applies equally well to the defense of laches. Since under the contract the [plaintiff] had no obligation to do either of the above, the guarantors cannot seek release from their obligation because of the [plaintiff's] delay.")

The record in this case demands a similar conclusion. Plaintiff's Complaint establishes two enforceable contracts between Plaintiff and Defendants: the Note and Guaranty. (Compl., Doc. 1, ¶¶ 7 – 9.) Defendants breached the contracts when Defendants failed to pay the amounts due under the Note and Guaranty. (*Id.* ¶ 17.) And Plaintiff suffered damages of at least $5,479,468.29. (*Id.* ¶ 18.)

52559654 v1

6

Case 3:23-cv-01144    Document 22    Filed 12/12/23    Page 6 of 8 PageID #: 179
Case 3:23-cv-01144    Document 24    Filed 12/27/23    Page 12 of 15 PageID #: 198

In their response to these two claims, Defendants have failed to present any viable defense, let alone assert any facts to defeat Plaintiff's claims. (Letter, Doc. 16.) Accordingly, with respect to Counts I and II of Plaintiff's Complaint, there are no factual issues in dispute and the pleadings establish that Plaintiff is entitled to judgment as a matter of law. *See Coyer*, 701 F.3d at 1108 ("A motion brought pursuant to Rule 12(c) is appropriately granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.")

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants, jointly and severally, on Counts I and II of Plaintiff's Complaint, in the principal amount of $5,479,468.29, plus pre-judgment interest, attorneys' fees and expenses, court costs, and post-judgment interest. (*See* Exhibit 1, Declaration of Greer Redden.)

Respectfully submitted this, the 12th day of December, 2023.

/s/ *Ross M. Johnson*
D. Christopher Carson (BPR No. 021971)
C. Tucker Herndon (BPR No. 27297)
Ross M. Johnson (BPR No. 36067)

420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: 205-251-3000
Facsimile: (205) 458-5100
ccarson@burr.com

222 Second Avenue South, Suite 2000
Nashville, Tennessee 37201
Telephone: 615-724-3200
Facsimile: 615-724-3290
rmjohnson@burr.com
therndon@burr.com

*Attorneys for Oakworth Capital Bank*

52559654 v1

7

Case 3:23-cv-01144 Document 22 Filed 12/12/23 Page 7 of 8 PageID #: 180
Case 3:23-cv-01144 Document 24 Filed 12/27/23 Page 13 of 15 PageID #: 199

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following via United States Mail, postage prepaid, on December 12, 2023:

Timothy Morris
6001 Highway A1A PMB 8359
Vero Beach, FL 32963

Sligo Development Partners, LLC
R/A: DW Services of Tennessee, LLC
424 Church St., Suite 800
Nashville, TN 37219

Timothy Morris
660 Ocean Road
Vero Beach, FL 32963

*/s/ Ross M. Johnson*
Ross M. Johnson (BPR No. 36067)

52559654 v1

8

Case 3:23-cv-01144    Document 22    Filed 12/12/23    Page 8 of 8 PageID #: 181
Case 3:23-cv-01144    Document 24    Filed 12/27/23    Page 14 of 15 PageID #: 200

