IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| OAKWORTH CAPITAL BANK ) | |
| ) | Case No. 3:23-cv-01144 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| 6101 SLIGO, LLC and ) | |
| TIMOTHY J. MORRIS ) | |

## REPORT AND RECOMMENDATION

This *pro se* civil case has been referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court. (Docket No. 29.)

Pending before the Court is the unopposed motion of Plaintiff Oakworth Capital Bank for default judgment (Docket No. 33) against Defendants Timothy J. Morris ("Morris") and 6101 Sligo LLC ("6101 Sligo"). The undersigned has reviewed and considered the motion and declarations appended to the motion. For the reasons stated below, the undersigned finds that this matter can be resolved without hearing and respectfully recommends that Plaintiff's motion for default judgment be **GRANTED IN PART**.

### I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, an Alabama charted bank, filed its complaint against Morris, an individual, and 6101 Sligo, a limited liability corporation, on October 28, 2023. (Docket No. 1.) In short, Plaintiff asserts that it entered into a loan with 6101 Sligo, which was executed by Morris as managing member of 6101 Sligo, and which was amended by several promissory notes. (*Id.* at ¶¶ 7–8.) Separately, but in conjunction with the loan, Plaintiff entered into a guaranty with Morris. (*Id.* at ¶¶ 9–10.) Plaintiff asserts that 6101 Sligo and Morris failed to pay Plaintiff when the note matured. (*Id.* at ¶¶ 12–16.) Accordingly, Plaintiff initiated this lawsuit and asserted the following three

claims: (1) breach of note against 6101 Sligo; (2) breach of guaranty against Morris; and (3) unjust enrichment against 6101 Sligo and Morris.

After filing its complaint, Plaintiff filed executed returns of summons indicating that it served Morris on November 9, 2023 (Docket No. 13) and 6101 Sligo on November 16, 2023 (Docket No. 18). On December 1, 2023, Plaintiff filed a motion for entry of default against Morris. (Docket No. 19.)

In response, Morris, representing himself *pro se*, drafted a letter on his own behalf and on behalf of 6101 Sligo. (Docket No. 20.) The letter is dated December 3, 2023, but was received by the Clerk's office on December 5, 2023. (*Id.*) In the letter, Morris "submit[ted] the following responses to the Civil Action No. 3:23-cv-01144":

> **As to Count 1** – Breach of Note (Sligo LLC).
> Response: Agree as Stated
>
> **As to Count 2** – Breach of Guaranty (Morris)
> Response: Disagree, as it is my position that the collateral related to the loan in question is more than sufficient to cover the outstanding loan balance and any back due interest and penalties. Plaintiff engaged an appraisal on the collateral date June 9, 2023 by a Third-Party Licensed Appraiser who presented an "As Is" Valuation of the collateral of $10,000,000. A copy of the appraisal is included as an Exhibit to this response. With $10,000,000 of loan collateral Plaintiff could be made financially whole if Defendant provides a Deed in Lieu of Foreclosure for the collateral, as a potential solution to this matter. (See Attached Appraisal Executive Summary Pages).
>
> **As to Count 3** – Unjust Enrichment (Defendants)
> Response: Disagree, see response to Count #2 above.

(*Id.*). Morris also asked for "an extension of the required response submission timing" in the letter. (*Id.*)

Plaintiff then filed a motion for judgment on the pleadings on December 12, 2023 (Docket No. 21) as well as a motion for entry of default against 6101 Sligo on December 14, 2023 (Docket No. 23).

2

In response to the motion for judgment on the pleadings, Morris submitted another letter, which was dated December 21, 2023 but received by the Clerk's office on December 27, 2023. (Docket No. 24.) In that letter, Morris restated the above-quoted language from his earlier letter but included arguments in opposition to the motion regarding Count 2 (breach of guaranty) and Count 3 (unjust enrichment). (Docket No. 24.) The letter was again written purportedly on his own behalf and on behalf of 6101 Sligo. (*Id.*)

In response to this letter, the Court entered an order directing 6101 Sligo to respond to the motion for judgment on the pleadings and the motion for entry of default by no later than January 19, 2024. (Docket No. 26.) The Court informed Morris that he could not represent 6101 Sligo because he is not an attorney:

> Defendant Morris' responses appear to be on behalf of both himself and Defendant 6101 Sligo. However, 6101 Sligo can only appear in this case through a licensed attorney. *See Harmer v. Colom*, No. 3:13-00286, 2014 WL 993319, at *1 (M.D. Tenn. March 13, 2014) (limited liability companies cannot appear in federal court except through counsel). Because these is no indication that Defendant Morris is a licensed attorney, he cannot act on behalf of 6101 Sligo.

(*Id.* at 1 n.2.) In other words, the Court construed the December 27, 2023 letter as Morris's response to the motion for judgment on the pleadings, but not as 6101 Sligo's response to the motion for judgment on the pleadings. The Court further cautioned 6101 Sligo that "failure to timely and properly respond through a licensed attorney may result in entry of judgment against it." (*Id.* at 2.)

In response, Morris submitted another letter, which was dated January 18, 2024 but was received by the Clerk's office on January 22, 2024. (Docket No. 27.) In that letter, Morris asked for additional time beyond January 19, 2024 to locate counsel for 6101 Sligo and for 6101 Sligo to respond to the motion for judgment on the pleadings and the motion for entry of default. (*Id.*)

3

The Court granted Morris's request and extended the response deadline to March 4, 2024 for: (1) Morris to respond to the motion for entry of default against Morris (Docket No. 19); (2) 6101 Sligo to respond to the motion for judgment on the pleadings (Docket No. 21); and (3) 6101 Sligo to respond to the motion for entry of default against 6101 Sligo (Docket No. 23). (Docket No. 30 at 3–4.) The Order stated that neither Morris nor 6101 Sligo would be given any further extensions to respond to the motions. (*Id.*)

Neither Morris nor 6101 Sligo filed any responses to the motions by March 4, 2024. Accordingly, the Court granted Plaintiff's motion for entry of default against Morris (Docket No. 19) and against 6101 Sligo (Docket No. 23) and entered default against both Morris and 6101 Sligo but denied without prejudice the motion for judgment on the pleadings against 6101 Sligo (Docket No. 21). (Docket No. 31.)

Plaintiff now moves the Court to enter a default judgment against both Morris and 6101 Sligo, jointly and severally. (Docket No. 33.) Neither Morris nor 6101 Sligo has timely responded to the instant motion.

## II.     LEGAL STANDARDS AND ANALYSIS

### A.     Default Judgment

Under Rule 55(b)(2), a court may enter a default judgment if that court has jurisdiction, and the movant has met certain procedural requirements. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108–09 (6th Cir. 1995). For a court to grant a motion for default judgment, the complaint must state a claim upon which relief can be granted. *Allstate Life Ins. Co. of New York v. Tyler-Howard*, No. 3:19-cv-00276, 2019 WL 4963230 at *1 (M.D. Tenn. Oct. 8, 2019) (internal citations omitted).

Once default has been entered against a party under Rule 55, the defaulting party is deemed to have admitted all the well-pleaded factual allegations in the complaint regarding liability, including any jurisdictional averments. *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981); *Antoine*, 66 F.3d at 110–11. Even without this admission, the Court finds that jurisdiction is properly asserted over Defendants here. Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, so jurisdiction exists pursuant to 28 U.S.C. § 1332.

Due to Defendants' defaults, the Court is entitled to accept as true the well-pleaded factual allegations of the complaint. *I Love Juice Bar Franchising, LLC v. ILJB Charlotte Juice, LLC*, No. 3:19-cv-00981, 2020 WL 4735031, at *3 (M.D. Tenn. Aug. 14, 2020) (citing *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009)). Default is not, however, considered an admission of damages. *Vesligaj*, 331 F. App'x at 355 ("Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.").

To determine damages, the trial court can, but is not required to, hold an evidentiary hearing. "[A] hearing is not necessarily required if the moving party submits uncontested, sworn affidavits sufficient to establish the amount of damages." *Broad. Music, Inc. v. Marler*, No. 1:09-cv-193, 2009 WL 3785878, at *5 (E.D. Tenn. Nov. 12, 2009); *see also* Fed. R. Civ. P. 55(b)(2) (A district court "may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."); *Vesligaj*, 331 F. App'x at 354 (Rule 55(b)(2), "by its terms, allows but does not require the district court to conduct an evidentiary hearing").

Plaintiff seeks entry of default judgment against Defendants and to hold Defendants jointly and severally liable for damages in the amount of $6,021.213.34. (Docket No. 33-1 at ¶ 17.) Because the damages in this case – contract damages – are certain and supported by a sworn declaration (Docket No. 33-1), the Court concludes that an evidentiary hearing is unnecessary. Fed. R. Civ. P. 55(b).

**B.     Defendants' Liability**

Plaintiff argues that 6101 Sligo is liable under a breach of contract theory for breaching the applicable note (Claim 1); that Morris is liable under a breach of contract theory for breaching the applicable guaranty (Claim 2); and that both Defendants are liable under a theory of unjust enrichment (Claim 3). (Docket No. 1.) Default judgment on well-pleaded allegations establishes only liability, not the extent of damages for which a particular defendant is responsible. *Antoine*, 66 F.3d at 110. The Court must, therefore, determine the extent to which Defendants may be held liable for the full amount of damages claimed by Plaintiff.

**1.     <u>Breach of Contract (Claims 1 and 2)</u>**

To establish a claim for breach of contract under Tennessee law, a plaintiff must show: (1) the existence of an enforceable contract; (2) non-performance amounting to a breach of that contract; and (3) damages caused by the breach. *C & W Asset Acquisition, LLC v. Oggs*, 230 S.W.3d 671, 676–77 (Tenn. Ct. App. 2007) (citing citation omitted). "To be enforceable under Tennessee law, a contract must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Starnes Family Office, LLC v. McCullar*, 765 F.Supp.2d 1036, 1050 (W.D. Tenn. 2011) (quoting *Doe v. HCA Health Svcs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001)) (cleaned up).

Although a contract may be written or oral, it "must be of sufficient explicitness so that a court can perceive what are the respective obligations of the parties." *HCA Health Servs. of Tenn.*, 46 S.W.3d at 196 (quoting *Higgins v. Oil, Chem. & Atomic Workers Int'l Union, Local # 3-677*, 811 S.W.2d 875, 879 (Tenn. 1991)). A contract's terms are "sufficiently definite if they provide a basis for determining whether a breach has occurred and for giving an appropriate remedy." *Jones v. LeMoyne–Owen Coll.*, 308 S.W.3d 894, 904 (Tenn. Ct. App. 2009). Under Tennessee law, "an employment relationship is essentially contractual." *Vargo v. Lincoln Brass Works*, 115 S.W.3d 487, 491 (Tenn. Ct. App. 2003). Tennessee enforces oral at-will employment contracts. *Henry v. Trammell Crow SE, Inc.*, 34 F.Supp.2d 629, 635 (W.D. Tenn. 1998) ("Tennessee law [also] consider[s] at will employment relationship[s] to be contractual in nature.").

To state a valid claim for breach of contract, Plaintiffs are not required to identify all the terms of an enforceable agreement, but the complaint must "raise a right to relief above the speculative level." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)). Direct recitals of the elements are unnecessary if the complaint contains "either direct or inferential allegations respecting all material elements." *Id.*

The Court finds that Plaintiff has sufficiently alleged all elements of a breach of contract claim both as to 6101 Sligo and Morris. Plaintiff asserts that it entered into a loan with 6101 Sligo; that 6101 Sligo failed to make required payments under the loan; and that Plaintiff has suffered damages as a result of that failure to make payments. (Docket No. 1 at ¶¶ 20–23.) Plaintiff also asserts that it entered into a guaranty with Morris; that Morris failed to make required payments under the loan; and that Plaintiff has suffered damages as a result of that failure to make payments. (*Id.* at ¶¶ 25–29.)

7

### 2. Unjust Enrichment (Claim 3)

Although the Court finds that Plaintiff sufficiently alleged a claim for breach of contract against both Defendants, in the absence of any such enforceable contract, the Court finds that Plaintiff sufficiently alleged an alternative claim for the equitable remedy of quantum meruit or for unjust enrichment.

Tennessee courts may impose a contract implied-in-law under the theory of unjust enrichment "when: (1) there is no contract between the parties or a contract has become unenforceable or invalid; and (2) the defendant will be unjustly enriched absent a quasi-contractual obligation." *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998) (citing *Paschall's Inc. v. Dozier*, 407 S.W.2d 150, 154–55 (Tenn. 1966)). Tennessee courts also recognize quantum meruit "as an equitable substitution for a contract claim that may allow a party to recover the reasonable value of certain goods and services it has provided." *Dillard Constr., Inc. v. Havron Contracting Corp.*, No. E2010–00170–COA–R3–CV, 2010 WL 4746244, at *3 (Tenn. Ct. App. Nov. 23, 2010) (citing *Castelli v. Lien*, 910 S.W.2d 420, 427 (Tenn. Ct. App. 1995)). To succeed on a claim for quantum meruit,

> (1) there must be no existing, enforceable contract covering the same subject matter; (2) the party seeking recovery must prove that it provided valuable goods and services; (3) the party to be charged must have received the goods and services; (4) the circumstances must indicate that the parties involved in the transaction should have reasonably understood that the person providing the goods or services expected to be compensated; and (5) the circumstances must also demonstrate that it would be unjust for the party benefitting from the goods or services to retain them without paying for them.

*Id.*

Here, Plaintiff has sufficiently alleged that it provided valuable services to Defendants; that Defendants received those services; that Plaintiff and Defendants understood that Plaintiff expected to be compensated; and that it would be unjust for Defendants to not pay Plaintiffs for

8

those services. (Docket No. 1 at ¶¶ 31–34.) Accordingly, Plaintiff has sufficiently alleged an alternative claim to its breach of contract claims against Defendants, should it be determined that no enforceable contracts existed.

   C.   **Damages**

Plaintiff seeks damages from both Defendants, jointly and severally, for breach of the applicable note and guaranty in the amount of $6,021.213.34, which is comprised of the following: (1) unpaid principal in the amount of $5,372,423.12; (2) accrued and unpaid interest through April 12, 2024 of $646,790.24; and (3) "other charges" of $1,999.98. (Docket No. 33-1 at ¶ 17.)

To support its request for damages, Plaintiff submitted a declaration of Greer Redden, who serves as Plaintiff's Managing Director. (Docket No. 33-1.) In his declaration, Mr. Redden references a "Payoff Letter and Summary of Unpaid Interest," which "accounts for all payments Defendants made under the Note" and "reflects all interest accrued and unpaid according to the interest rate terms provided in the Note." (*Id.* at ¶ 16.) That letter is attached to the declaration as Exhibit C. (*Id.* at 56–57.) In his declaration, Mr. Redden states:

> As reflected in the Payoff Letter, the indebtedness due under the Note as of April 12, 2024, is $6,021,213.34 which amount consists of unpaid principal in the amount of $5,372,423.12, accrued and unpaid interest through April 12, 2024 of $646,790.24, and other charges of $1,999.98 (this amount excludes attorney fees and expenses).

(*Id.* at ¶ 17.)

Based on Mr. Redden's declaration and the accompanying exhibits, the Court finds that an award of $6,021.213.34 in damages – unpaid principal of $5,372,423.12, accrued and unpaid interest of $646,790.24, and other charges of $1,999.98 – is appropriate.

   D.   **Attorney's Fees and Expenses**

In its motion, Plaintiff also seeks $76,194.00 in attorney's fees and expenses. (Docket No. 34 at 6.) Plaintiff states that these sums are "recoverable pursuant to the Note and Guaranty (as

9

detailed in Plaintiff's Complaint)" and relies upon the declaration of attorney Ross M. Johnson to support this request. (Docket No. 33 at 2.)

Plaintiff bears the burden of establishing that it is entitled to recover attorney's fees from Defendants. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). However, in its filings, Plaintiff fails to point the Court to any basis for the recovery of fees. In its Complaint, Plaintiff asks for "attorney fees and expenses" in its Prayer for Relief (Docket No. 1 at 6), but otherwise does not reference an award of fees or allege a basis for the recovery of such fees. Further, in the instant motion and memorandum in support, Plaintiff asks for an award of fees but does not reference a particular portion of the Complaint or of the applicable note and guaranty that would entitle Plaintiff to such an award. (Docket Nos. 33, 34.) Finally, in Johnson's declaration, he sets forth reasons why Plaintiff's request is reasonable, but likewise fails to show the Court where and how Plaintiff is entitled to attorney's fees and expenses. In other words, Plaintiff fails to demonstrate a basis for the recovery of attorney's fees. Although the Court could surmise that there is likely a contractual provision entitling Plaintiff to attorney's fees, it is not this Court's responsibility to either ferret out the basis for an attorney's fee award to Plaintiff or to make arguments that Plaintiff failed to properly address.

For these reasons, the Court finds that Plaintiff has failed to demonstrate that it is entitled to recover attorney's fees and expenses from Defendants. Accordingly, Plaintiff's request to recover $76,194.00 in attorney's fees and expenses should be denied without prejudice to again raise in accordance with Local Rule 54.01(b)(1), as appropriate.

### III.     RECOMMENDATION

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     Plaintiff's unopposed motion (Docket No. 33) for default judgment against Defendants Timothy J. Morris and 6101 Sligo LLC be **GRANTED IN PART**.

2. Plaintiff be awarded damages of **$6,021,213.34** assessed against Defendants Timothy J. Morris and 6101 Sligo LLC jointly and severally.

3. Plaintiff's request to recover $76,194.00 in attorney's fees and expenses be **DENIED WITHOUT PREJUDICE**.

4. A final judgment be entered in this action in accordance with Federal Rule of Civil Procedure 58.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. of Civ. P. 72(b)(2), Local R. 72.02(b). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Fed. R. Civ. P. 72(b)(2), Local R. 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge