FORM E-2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

WRIT OF EXECUTION

To the United States Marshal for the Middle District of Tennessee:

You are hereby commanded to take from the property of:

**Timothy J. Morris**, PO Box 544, Mirror Lake, NH 03853 / 6001 Highway A1A PMB 8359, Vero Beach, FL 32963
(*Judgment Debtor*)

including the property listed below, the sum of:

$ 6,172,189.66

(*Enter the Balance of Judgment corresponding to the last line in the Application for Writ of Execution*)

to satisfy a judgment obtained by the judgment creditor in the United States District Court for the Middle District of Tennessee, and also the costs that may accrue under this writ.

You are further commanded to pay such monies, when collected, into this Court and you shall make return as to how you have executed this writ within the time allowed by law.

Description of Property:

Any and all accounts, cash, monies, or other property

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
FRED D. THOMPSON U.S. COURTHOUSE,
719 CHURCH STREET, SUITE 1300
NASHVILLE, TN 37203

_____
(Deputy Clerk)

*This exact form is required with absolutely no modifications.*

Date Issued: 12-3-2024

ATTEST AND CERTIFY
A TRUE COPY
CLERK
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OAKWORTH CAPITAL BANK, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:23-cv-01144 |
| 6101 SLIGO, LLC, et al. | ) JUDGE RICHARDSON |
| Defendants. | ) |

## JUDGMENT

For the reasons set forth in the accompanying Order granting Plaintiff's motion for default judgment, judgment is hereby entered in favor of Plaintiff and against Defendant 6101 Sligo, LLC and Defendant Timothy J. Morris, jointly and severally, in the amount of $6,021,213.34.

The Clerk is directed to enter judgment under Rule 58 and close the file, subject to the file being reopened should Plaintiff file a motion for attorney's fees and expenses pursuant to Fed. R. Civ. P. 54(d)(2) and Local Rule 54.01(b)(1).

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

FORM E-3

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

OAKWORTH CAPITAL BANK

v.  Case No. 3:23-CV-001144

6101 SLIGO, LLC and TIMOTHY J. MORRIS

SUMMONS AND NOTICE TO THE GARNISHEE

NOTICE: Although you have a longer time in which to answer the court concerning this garnishment, you must do the following on the same day you receive the garnishment, or on the next working day:
  (1) Determine if you possess or control money or property of the judgment debtor.
  (2) If so, within the same time period, you shall furnish a copy of this garnishment summons, a copy of the Notice to Judgment Debtor (Form E-6 if the garnishment is for wages; Form E-8 if the garnishment is not for wages), and a copy of the Notice to Garnishee / Employer (Form E-4), if the garnishment is for wages, by mailing them first class, postage prepaid, to the judgment debtor's last known address as shown by your records, or by actual delivery to the judgment debtor.
  (3) If the address shown by your records differs from that shown at the bottom of the Notice to Judgment Debtor, you shall also mail a copy of the summons and notice(s) to the latter address.

As required by law, T.C.A. § 26-2-203 and T.C.A. § 26-2-204, you are summoned to mail an answer within ten (10) days after the date of service of this garnishment to the Clerk, U.S. District Court, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300, Nashville, TN 37203. If you are an employer, you must read Form E-4 and complete Form E-5. If you are holding funds belonging to the judgment debtor other than salaries, wages, or earnings, you must complete Form E-7.

FOR EMPLOYER GARNISHEE: This lien shall continue as to subsequent earnings until the total amount due is paid or satisfied, OR until the expiration of the employer's payroll period immediately prior to SIX (6) CALENDAR MONTHS after service of this garnishment, whichever occurs first. This lien shall have priority over any subsequent liens obtained. Subsequent execution shall be effective for the successive calendar month periods in the order in which they are served.

You are required to withhold the garnishment amount, or part thereof, from the employee's wages and to pay these monies not less than one time each calendar thirty (30) days to the: Clerk, U.S. District Court, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300 Nashville, TN 37203. You are liable for failure to withhold from the employee's wages and for failure to pay these monies to the Court.

FOR NON-WAGE GARNISHEE (e.g., financial institution): You are required to pay any garnished funds within your possession within thirty (30) days of service to the Clerk, U.S. District Court, Fred D. Thompson U.S. Courthouse and Federal Building, 719 Church Street, Suite 1300, Nashville, TN 37203.

ISSUED this ___3___ day of ___December 2024___

UNITED STATES DISTRICT COURT CLERK

*This exact form is required with absolutely no modifications.*

By: _____
(Deputy Clerk)

FORM E-7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

OAKWORTH CAPITAL BANK
_____

v.                                    Case No. 3:23-CV-01144

6101 SLIGO, LLC and TIMOTHY J. MORRIS

ANSWER OF GARNISHEE FOR FUNDS OTHER THAN SALARIES,
WAGES OR EARNINGS OF JUDGMENT DEBTOR

Comes the garnishee, _Morgan Stanley Smith Barney LLC_, and makes oath as follows:

1. That, at the time of service of this garnishment, the garnishee was indebted to the judgment debtor in the amount of $ 6,172,189.66 as a result of Judgment entered on June 6, 2024 _____

2. That the garnishee had the following property, debts, or effects belonging to the judgment debtor in his possession or under his control: (If the garnishee is holding a sum of money, list the exact amount; if the property is not money, specify the type of property, debts, or effects.)

   a. At the time of service of the garnishment: _____

   b. At the time the garnishee answered the garnishment: _____

   c. Between the time of service of the garnishment and the time the garnishee answered the garnishment: _____

3. That, to the knowledge and belief of the garnishee, the following other person(s) have in his/their possession or control the following property, debts, or effects belonging to the judgment debtor: (List the name and address of any such person and describe the property, debts, or effects.)

_____

Pursuant to T.C.A. § 26-2-204, by signing below, I certify under oath that the above information is true and correct.

_____
Garnishee

FORM E-8

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

OAKWORTH CAPITAL BANK

v.

Case No. 3:23-cv-01144

6101 SLIGO, LLC and TIMOTHY J. MORRIS

## NOTICE TO JUDGMENT DEBTOR (NON-WAGE GARNISHMENT)

To collect a judgment against you in this lawsuit, your money or other property has been seized by execution or garnishment. An execution allows the United States Marshal to sell the property levied upon.

READ THIS CAREFULLY, YOU MAY BE ABLE TO KEEP YOUR MONEY OR PROPERTY OR GET IT BACK. State and federal laws prevent certain types of money or property from being used to pay a judgment. Such money or property is "exempt." Examples of exempt money are: Social Security benefits, SSI, unemployment benefits, veteran's benefits, AFDC, and most government pensions. Examples of exempt property are certain health care aids and "tools of trade." These examples of exempt money and property constitute only a partial list, and you may have other exemptions.

If you think you have exempt money or property that has been seized, you have the right to file a motion with the court clerk's office identified below claiming your exemption and asking for release or return of your money or property. (T.C.A. § 26-2-407) (Motion Form 1 Attached)

YOU SHOULD ACT QUICKLY. If you file a motion with twenty (20) days from the date this notice was mailed to you or was given to you, the court must hear and decide your motion promptly, and in no event later than fourteen (14) days from filing. The clerk will notify you of the time, date, and place of the hearing.

IF YOU DO NOT UNDERSTAND YOUR RIGHTS OR HOW TO EXERCISE THEM, YOU MAY WISH TO CONSULT WITH A LAWYER. IF YOU CANNOT AFFORD A LAWYER, YOU MAY BE ELIGIBLE FOR FREE LEGAL ASSISTANCE. The court clerk's office can provide you with forms and information about legal services in your area, but the clerk cannot give you legal advice.

Clerk, U.S. District Court
Fred D. Thompson U.S. Courthouse
719 Church Street, Suite 1300,
Nashville, TN 37203
(615) 736-5498

To be provided by Judgment Creditor:

Timothy J. Morris
Judgment Debtor

PO Box 544
Judgment Debtor's Last Known Street Address

Mirror Lake, NH 03853
Judgment Debtor's Last Known City, State & Zip Code

FORM E-9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

OAKWORTH CAPITAL BANK

v.

Case No. 3:23-cv-001144

6101 SLIGO, LLC and TIMOTHY J. MORRIS

## NOTICE TO DEBTOR

Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of court.

The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.

Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the rights to recover them. If you do not understand this exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.