IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| OAKWORTH CAPITAL BANK, | ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:23-cv-01144 ) JUDGE RICHARDSON |
| 6101 SLIGO, LLC and TIMOTHY J. MORRIS, | ) ) ) |
| Defendants. | ) ) |

# ORDER

Pending before the Court is Plaintiff's "Motion for Award of Attorneys' Fees, Costs, and Expenses" incurred in the prosecution of this lawsuit (Doc. No. 39, "Motion"), wherein Plaintiff specifically requests an award of attorneys' fees in the amount of $76,194.00 in the aftermath of this Court entering a default judgment against both Defendants (Doc. No. 37, "Default Judgment").[1] Consistent with the fact that they defaulted in this case for failure to defend, Defendants failed to respond to the Motion, thus leaving the Motion unopposed.

The basis for awarding attorneys' fees is a Promissory Note ("Note") and Continuing Guaranty ("Guaranty") executed by Defendants, wherein Defendants agreed to pay all charges, costs, expenses, and reasonable attorneys' fees incurred by Plaintiff in enforcing the Note and Guaranty.[2] (*See* Compl., Doc. 1, ¶¶ 7 – 12; Note, Ex. A. to Compl., Doc. 1-1; Guaranty, Ex. B. to

---

[1] Moreover, the Motion is timely, having been filed within one week of the date the Default Judgment was entered. *See* LR54.01(b)(1) ("a motion for an award of attorney's fees and related nontaxable expenses must be filed within thirty (30) days from the District Court's entry of final judgment in the case").

[2] To support its Motion, Plaintiff attached the Note (Doc. No. 39-1), the Guaranty (Doc. No. 39-2), and a declaration of Plaintiff's counsel, Ross M. Johnson, (Doc. No. 39-3, "Johnson Declaration"), which lays out the hourly rates of each attorney on this matter, respectively, and further asserts that the hourly rates charged in this matter are reasonable for legal services of the nature in this case for attorneys of comparable skill and experience in the Nashville metropolitan area. (*Id*. at 2-3). An itemized statement of services and

Compl., Doc. 1-2.). The Court finds that this obligation has been triggered in this case and that accordingly attorneys' fees are awardable against Defendants.

Having reviewed the record, the Court has determined that the amount of attorneys' fees requested via the Motion is reasonable, considering (a) that such amount has gone undisputed, (b) that there is no provision in either the Note or the Guaranty that is inconsistent with the requested amount of attorneys' fees, and (c) what Plaintiff's counsel achieved in this matter.

Therefore, the Motion (Doc. No. 39) is GRANTED, and Plaintiff is awarded attorneys' fees in the amount of $76,194.00.[3]

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

---

hours spent working on this case was attached to the Johnson Declaration and marked as "Exhibit 1" thereto (*Id*. at 5-9).

[3] In its review of the Johnson Declaration and list of legal services, marked as Exhibit 1, it appears to the Court that Plaintiff is seeking only attorneys' fees. (Doc. No. 39). But in its Motion (as indeed reflected by the very title of the Motion), Plaintiff requests the amount of $76,194.00 in attorneys' fees, costs, *and* expenses. (Doc. No. 39 at 1). Whether this is a general phrase mistakenly added by counsel or a vague attempt to cover additional monies owed is unclear to the Court. But to be clear on this point, the Court is not awarding any costs or expenses. As for Plaintiff's request for "costs"—presumably meaning *taxable* costs—it is too late to make such a request, Fed. R. Civ. P. 54(a), and in any event Plaintiff's counsel has expressly provided in the Johnson Declaration that no court costs are being sought. Moreover, the itemization attached to the Johnson Declaration, which requests $76,194.00, appears to the Court to list only attorney hours, and not anything that would be either taxable costs or expenses. (Doc. No. 39-3 at 5-9). Therefore, the Court is awarding the requested amount ($76,194.00), but notes that it is an award solely of *attorneys' fees*. *See* Fed. R. Civ. P. 54(d)(1).